IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CROWNPOINT INSTITUTE OF TECHNOLOGY, INC., a tribal organization of the Navajo Nation,<br><br>Plaintiff,<br><br>vs.<br><br>GALE A. NORTON, Secretary of the Interior, et al.<br><br>Defendants. | )<br>)<br>)<br>)    No. CIV 04-0531 JP/DJS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' PROPOSED FINDINGS
OF FACT AND CONCLUSIONS OF LAW**

1. Plaintiff Crownpoint Institute of Technology ("Plaintiff") is a corporation affiliated with the Navajo Nation and provides post-secondary vocational education and college academic programs.

2. Plaintiff has received federal financial assistance grants from the Bureau of Indian Affairs ("BIA") for fiscal years 2003 and 2004.

3. BIA personnel had a meeting with Plaintiff on December 9, 2003 to discuss Plaintiff's requests for federal funding.

4. At the December 9, 2003 meeting, Plaintiff submitted proposals for contracts under the Indian Self-Determination Act ("ISDA") covering fiscal years 2003 and 2004 to provide Adult Vocational Training services.

5. At the December 9, 2003 meeting, BIA personnel informed Plaintiff that it was not entitled to an ISDA contract. At that meeting, Plaintiff agreed to receive funds through a federal financial assistance grant for fiscal year 2003.

6. BIA returned the contract proposals by letter dated January 13, 2004. Upon return, BIA noted that the contract proposals were being returned with no action since Plaintiff agreed to receive a grant.

7. Plaintiff re-submitted its applications for self-determination contracts for fiscal years 2003 and 2004, along with a cover letter, dated January 30, 2004, requesting that the

        contract applications be processed.

8. By letter dated February 4, 2004, BIA acknowledged receipt of Plaintiff's proposals for an ISDA contract for fiscal years 2003 and 2004. The BIA stated that Plaintiff could call the Self-Determination Officer, Rodney Cawston, if it had any questions on this matter.

9. On February 20, 2004, BIA responded in writing to Plaintiff with a notice of deficiencies regarding Plaintiff's contract proposals. Among other things, this letter noted the following deficiencies in the contract proposals:

    a. "The requirements of 25 C.F.R. § 900.8 Part (d) for a copy of the authorizing resolution from the Indian tribe(s) to be served is not satisfied";

    b. "By Resolution IGRJN-133-95, the Navajo Nation approved and authorized the transfer of funds and/or reprogramming of Adult Basic Education and Adult Vocational Training Programs to Navajo Nation Higher Education beginning October, 1995 . . . . There is no longer any available Adult Basic Education or Adult Vocational Training Programs to contract";

    c. "The $1,899,200 request that you specified application to be obligated under a Public Law 93-638 contract or grant is a special Congressional appropriation add-on with no specific directions to the Bureau of Indian Affairs. This funding . . . was never a BIA operated program";

    d. "The requirements of § 900.8 Part (b)(1) for a copy of the tribal organization's organizational documents (e.g. charter, articles of incorporation, bylaws, etc.) are not satisfied."

10. The February 20, 2004 letter noted that Plaintiff's application contained no specific request for technical assistance in the preparation or submission of its contract proposals, and stated that "before technical assistance can be provided, we must know what assistance is required and/or requested. Please provide a written request with your technical assistance needs."

11. After receiving the February 20, 2004 letter, Plaintiff did not correct the deficiencies in its contract proposal, nor contact BIA about rectifying these deficiencies.

12. Plaintiff submitted three tribal resolutions with each contract proposal: (1) a November 11, 1982 resolution granting an interim Charter to the Navajo Skills Center as a "Tribal Organization"; (2) an April 14, 1994 recommendation from the Education Committee of the Navajo Nation Council to the Intergovernmental Relations Committee ("IGRC") to approve and authorize Plaintiff's request to seek a contract for Adult Basic Education (ABE) and General Education Development (GED) programs under the ISDA, and recommending to IGRC to request that Plaintiff submit a contract application to the

        Education Committee for review and further consideration; and (3) an April 25, 1994 resolution from the IGRC authorizing Plaintiff to notify BIA of its intent to contract for ABE and GED programs under the ISDA, and further requesting that Plaintiff submit a contract application to the Education Committee for review and further consideration.

13. Plaintiff's contract proposals did not contain any indication that it had submitted any application to Navajo committees for further review, nor did they contain any indication that the resolutions covered the Adult Vocational Training program that Plaintiff sought to contract for fiscal years 2003 and 2004.

14. To the extent BIA had run any Adult Basic Education or Adult Vocational Training programs for the benefit of the Navajo Nation in the past, the Navajo Nation instructed BIA in 1995 through Resolution IGRJN-133-95 that it wanted to reprogram those funds and use them for its higher education program. Since that time, the Navajo Nation has not budgeted any money for vocational programs and continues to use the money formerly used for vocational training in its higher education scholarship program.

15. On May 27, 2004, BIA declined Plaintiff's contract proposals for fiscal years 2003 and 2004. It cited the following statutory grounds for the declination: (1) "the proposed project or function to be contracted for cannot be properly completed or maintained by the proposed contract"; (2) "the amount of funds proposed under the contract is in excess of the applicable funding level for the contract"; and (3) "the program, function, service, or activity (or a portion thereof) that is the subject of the proposal is beyond the scope of programs, functions, services or activities covered under section 102(a)(1) of the Act because the proposal includes activities that cannot lawfully be carried out by the contractor."  See 25 U.S.C. § 450f(a)(2)(C), (D), (E); 25 C.F.R. § 900.22(c), (d), (e).

16. By letter dated September 27, 2004, Plaintiff submitted a contract proposal for fiscal year 2005, which was received by the BIA regional office on September 28, 2004. This proposal requested an ISDA contract for the same Adult Vocational Training services program as the previous contract proposals and contained the same tribal resolutions.

17. On October 12, 2004, BIA sent a notice of deficiencies regarding Plaintiff's contract proposal, citing many of the same deficiencies as it did for Plaintiff's 2003 and 2004 contract proposals. Plaintiff responded to this letter with additional documents.

18. On December 13, 2004, BIA requested a 30-day extension of time to review Plaintiff's contract proposal, as it did with all of the pending contract proposals at the time. Plaintiff agreed to this extension.

19. On February 25, 2005, BIA declined Plaintiff's contract proposal for fiscal year 2005. It cited the following statutory grounds for the declination: (1) "the amount of funds proposed under the contract is in excess of the applicable funding level for the contract"; and (2) "the program, function, service, or activity (or a portion thereof) that is the

       subject of the proposal is beyond the scope of programs, functions, services or activities covered under section 102(a)(1) of the Act because the proposal includes activities that cannot lawfully be carried out by the contractor." <u>See</u> 25 U.S.C. § 450f(a)(2)(D), (E); 25 C.F.R. § 900.22(d), (e).

<u>Conclusions of Law</u>

1. The purpose of the ISDA is to "permit an orderly transition from Federal domination of programs for, and services to, Indians to effective and meaningful participation by the Indian people in the planning, conduct, and administration of those programs and services." 25 U.S.C. § 450a(b).

2. The government may only contract under the ISDA with a tribe or tribal organization authorized by tribal resolution to contract. 25 U.S.C. § 450f(a)(1).

3. Plaintiff has never submitted to BIA sufficient documentation to demonstrate that it was authorized by the Navajo Nation to enter into an ISDA contract for an Adult Vocational Training program, as required by 25 U.S.C. § 450f(a)(1).

4. Because Plaintiff's contract proposals lacked the requisite authority to contract through a tribal resolution, BIA cannot enter into a self-determination contract with Plaintiff for fiscal years 2003, 2004 and 2005, and the Court lacks the authority to order BIA to do so. 25 U.S.C. § 450f(a)(1).

5. Because Plaintiff did not seek to take over a federal program that was the responsibility of BIA, but instead sought funding for its own program that it had been running for years, Plaintiff is not entitled to self-determination contracts for fiscal years 2003, 2004 and 2005. 25 U.S.C. § 450f(a)(2)(C), (E).

6. To the extent Plaintiff provides a college program to students, Plaintiff is not entitled to a self-determination contract for those services. Substantive appropriations for Navajo post-secondary programs are not authorized or available. Generally, post-secondary education is funded pursuant to 25 U.S.C. § 1801 <u>et</u> <u>seq.</u> By express statutory exception, the Navajo Nation, however, is not eligible to participate in this funding. <u>Id.</u> § 1814(a). Instead, the tribal college at Navajo Nation receives federal funding money directly under a separate statutory authority, 25 U.S.C. § 640a <u>et</u> <u>seq.</u> This authority limits the use of appropriations for college programs on the Navajo Reservation to the Navajo Community College. <u>Id.</u>

7. The statutory 90-day deadline for the Secretary's declination of contract proposals under Section 450f(a)(2) of the ISDA only applies to contract proposals "so authorized by an Indian tribe under paragraph (1) of this subsection."

8. The fact that BIA did not decline Plaintiff's contract proposals within 90 days as

      prescribed by 25 U.S.C. § 450f(a)(2) does not require or permit BIA to award an ISDA contract that does not comply with substantive statutory requirements.

9.      Because none of Plaintiff's contract proposals meets the statutory criteria for the award of an ISDA contract, one cannot be deemed to be awarded under the regulations.

Dated:  April 14, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID C. IGLESIAS
United States Attorney

*Filed electronically 04-14-05*
JAN ELIZABETH MITCHELL
Assistant U.S. Attorney

DORI RICHARDS
Special Assistant U.S. Attorney

      /s/
JAMES J. GILLIGAN
TAMARA ULRICH
ELIZABETH J. KELHOFFER
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington D.C. 20044
(202) 305-1432

Attorneys for Defendants

I HEREBY CERTIFY that a true and correct copy of
the foregoing pleading was mailed and faxed to
Plaintiff's counsel of record this 14th day of April 2005.

      /s/
Elizabeth J. Kelhoffer